UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATRINA A. WILLIAMS,

        Plaintiff,

v.                                                    Case No. 18-2096-JAR

UNITED HEALTH GROUP, et al.,

        Defendants.

ORDER

    Plaintiff, proceeding pro se, has filed this employment-discrimination action alleging she was harassed and ultimately terminated because of her race, religion, and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. She has filed a motion for leave to file a second amended complaint (ECF No. 25). The proposed second amended complaint attached to her motion (ECF No. 25-1) adds factual details about the alleged conduct of individual defendants and also purports to add a claim for retaliation. Defendants do not oppose the motion to the extent plaintiff changes the factual allegations supporting her claims, but do oppose the addition of a retaliation claim. Because the court finds the addition of a retaliation claim would be futile, the motion is denied to the extent it seeks leave to add that claim. The motion is granted, however, to the extent it seeks leave to amend plaintiff's factual allegations.

    Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing

1

party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires."[1] Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be headed."[2] Nonetheless, a court may deny leave to amend upon a showing of, among other things, "futility of amendment."[3]

"A proposed amendment is futile if the amended complaint would be subject to dismissal."[4] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] The plaintiff need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7] Therefore, the court will deny an amendment on the basis of futility when, accepting

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[4] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[5] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Twombly*, 550 U.S. at 555.

2

the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a plausible claim.[8] "The party opposing the proposed amendment bears the burden of establishing its futility."[9]

Defendants have satisfied their burden of demonstrating that the addition of a retaliation claim would be futile. Defendants correctly note that plaintiff has failed to file a retaliation charge with the Equal Employment Opportunity Commission (EEOC). The Tenth Circuit has ruled that "exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII suit."[10] "Federal courts 'lack jurisdiction to review Title VII claims that are not part of a timely-filed EEOC charge.'"[11] This is true for unexhausted retaliation claims regardless of whether the alleged retaliation occurred before or after the plaintiff commenced judicial proceedings.[12]

In her reply brief, plaintiff acknowledges that she did not check the box marked "retaliation" on her EEOC charging forms,[13] but states this was "an oversight."[14] Plaintiff

---

[8] *Little*, 548 F. App'x at 515 (quoting *Twombly*, 550 U.S. at 570).

[9] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[10] *McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1101 (10th Cir. 2011).

[11] *Id.* (quoting *Annett v. Univ. of Kan.,* 371 F.3d 1233, 1238 (10th Cir. 2004)).

[12] *Id.*

[13] *See* ECF Nos. 30-1 & 30-2.

[14] ECF No. 39 at 2.

3

asserts that the substance of her EEOC charge included a retaliation allegation.[15] However, the court has carefully reviewed plaintiff's EEOC charging forms, as well as the e-mail correspondence plaintiff filed as proof that she made "clear and detailed allegations of retaliation" to the EEOC,[16] and simply cannot find *any* allegation of retaliation. Because plaintiff has not exhausted her administrative remedies with respect to her proposed retaliation claim, such a claim could not survive a motion to dismiss and it would be futile to add it at this time. Of course, plaintiff may file a new charge with the EEOC alleging retaliation (assuming she is not out of time for so doing), and upon receiving a right-to-sue letter from the EEOC, may file a new motion for leave to add a retaliation claim to her complaint.

In addition to the above-discussed exhaustion problem, there is a second reason plaintiff's proposed retaliation claim would not survive a motion to dismiss. Plaintiff's proposed second amended complaint contains no factual allegations of retaliation.[17] On this ground as well, plaintiff's retaliation claim would be subject to immediate dismissal, such that allowing plaintiff to assert it would be futile. Plaintiff's motion for leave to file a second amended complaint is therefore denied to the extent plaintiff seeks to add a retaliation claim.

---

[15] *Id.*

[16] ECF No. 39-1.

[17] *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." (quoting *Twombly*, 550 U.S. at 570)).

4

As noted above, however, plaintiff's proposed second amended complaint also contains new factual allegations supporting her harassment and discrimination claims. Defendants' response in opposition to the motion for leave to amend does not address these new allegations, and the court deems their inclusion unopposed. In denying an earlier request by plaintiff to amend her complaint, the court informed plaintiff that any subsequent proposed amended complaint must state "how each named defendant is involved in the facts underlying plaintiff's claims."[18] Plaintiff has heeded that directive in the proposed amended complaint now before the court. Thus, plaintiff's motion for leave to file a second amended complaint is granted to the extent plaintiff seeks to amend the factual allegations supporting her claims.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend her complaint is granted in part and denied in part, as set forth above. The Clerk of Court is directed to redact the marking next to "retaliation" in plaintiff's proposed second amended complaint (ECF No. 25-1 at 3) and then to file the second amended complaint as a separate docket entry.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

---

[18] ECF No. 10.

IT IS SO ORDERED.

Dated June 6, 2018, at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge