# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATRINA A. WILLIAMS,

    Plaintiff,

v.

UNITED HEALTH GROUP, et al.,

    Defendants.

Case No. 2:18-cv-02096-HLT-JPO

## MEMORANDUM AND ORDER

Plaintiff Katrina A. Williams brings this action pro se[1] asserting claims for harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* Plaintiff sought leave to amend her complaint, which was granted in part and denied in part by Magistrate Judge James P. O'Hara. Plaintiff objects to Judge O'Hara's order to the extent it denied her leave to amend and seeks review by this Court. Doc. 48. Because, based upon its own *de novo* review of the record, the Court agrees with Judge O'Hara's conclusion, the Court overrules Plaintiff's objection and affirms Judge O'Hara's order.

## I. BACKGROUND

### A. Procedural History

Defendant UnitedHealth Group ("UHG") employed Plaintiff as a Clinical Appeals Reviewer before her termination on October 30, 2017. Docs. 30-1, 30-2. Prior to her termination, on October 26, 2017, Plaintiff filed a charge of discrimination against UHG with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race,

---

[1] Although Plaintiff was represented by counsel at one point in these proceedings, Plaintiff now proceeds pro se. As such, her pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

color, sex, and religion. Doc. 30-1. Plaintiff amended her charge after she was terminated, adding additional factual allegations related to her termination. Doc. 30-2. Plaintiff did not check the box marked "retaliation" in either her original or amended charge. Docs. 30-1, 30-2.

The EEOC issued Plaintiff a notice of right to sue letter on November 29, 2017. Doc. 1-1. Plaintiff proceeded to file this case on February 27, 2018, naming only UHG as a defendant and asserting claims for harassment and race, religion, and gender discrimination in violation of Title VII. Doc. 1. Plaintiff amended her complaint on March 19, 2018, to add claims against four individual UHG employees: Defendants Mark Marklein, Mark Friedman, Maxwell Thompson, and Stephanie Mochamer ("Individual Defendants"). Docs. 7, 7-1, 11, 15.

On April 27, 2018, Plaintiff moved for leave to amend her complaint a second time, this time adding factual details regarding the conduct of Individual Defendants and asserting a claim for retaliation under Title VII. Doc. 25. Defendants did not oppose the amendment to the extent Plaintiff sought to include additional factual allegations supporting her existing claims; however, Defendants opposed the addition of a retaliation claim. Doc. 30. On June 6, 2018, Judge O'Hara granted in part and denied in part Plaintiff's motion for leave to amend, allowing Plaintiff to assert the additional factual allegations but denying her attempt to add the retaliation claim. Doc. 40.

### B. Judge O'Hara's Order

In his order, although recognizing that leave to amend must be freely given when justice requires, Judge O'Hara noted that denial of leave is proper upon a showing of "futility of amendment." *Id.* at 1-2. Judge O'Hara explained that dismissal on the basis of futility is warranted "when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a plausible claim." *Id.* at 2-3.

Judge O'Hara determined that Defendants had "satisfied their burden of demonstrating that the addition of a retaliation claim would be futile." *Id.* at 3. Judge O'Hara reviewed the evidence and pleadings submitted by Plaintiff—including her proposed second amended complaint, the charge itself, and additional documents provided by Plaintiff in connection with the briefing on her motion for leave—and concluded that her proposed retaliation claim would be futile for two separate reasons. *Id.* at 3-4. First, Judge O'Hara found that, because the proposed second amended complaint "contains no factual allegations of retaliation," Plaintiff's retaliation claim would be subject to immediate dismissal. *Id.* at 4. Second, because Plaintiff had not included a retaliation claim in her charge—thus failing to exhaust her administrative remedies with respect to that claim—Judge O'Hara concluded that the proposed claim could not survive a motion to dismiss. *Id.* at 3-4.

For these reasons, Judge O'Hara denied the motion to the extent it sought leave to add a claim for retaliation. *Id.* at 1. In compliance with Judge O'Hara's order, a copy of Plaintiff's second amended complaint—including the additional facts but redacting the proposed retaliation claim—was filed.[2] Doc. 41. On June 21, 2018, Plaintiff objected to Judge O'Hara's order.[3] Doc. 48.

## II.  STANDARD

Pursuant to Rule 72 and District of Kansas Rule 72.1.4, a party may assert objections to a pretrial order of a magistrate judge. Where the contested order relates to a nondispositive matter, the district judge assigned to the case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

---

[2] On June 19, 2018, UHG filed an answer to the second amended complaint and Individual Defendants moved to dismiss for failure to state a claim. Docs. 43-44. To date, Plaintiff has not yet responded to Individual Defendants' motion to dismiss.

[3] This Court construes Plaintiff's submission—styled as an "Appeal to Order on Redaction of Retaliation Including Motion to Detail Factual Events as Already Stated in My Second Amended Complaint"—as an objection to Judge O'Hara's order pursuant to Rule 72 and District of Kansas Rule 72.1.4.

In dispositive matters, however, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). After conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). To preserve an issue for *de novo* review by the district court, objections to a magistrate judge's disposition "must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is "sufficiently specific" if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate." *Coffman v. CHS Gas & Oil*, 2018 WL 3616948, at *2 (D. Kan. 2018).

## III. ANALYSIS

Under either standard, the Court overrules Plaintiff's objection to Judge O'Hara's June 6, 2018 order.[4] In opposing Judge O'Hara's order, Plaintiff generally disagrees with Judge O'Hara's ultimate conclusion, stating that she has previously presented the allegations underlying her proposed retaliation claim to her manager, Human Resources, the EEOC, and the Court. Doc. 48. Though the Court questions whether Plaintiff's general disagreement is sufficiently

---

[4] The Court recognizes that there is disagreement regarding whether the denial of a motion for leave to amend is a dispositive order. *Compare Lewis v. Wheeles*, 2008 WL 2944903, at *2 (D. Kan. 2008) (holding that, where the court's decision to deny the plaintiff leave to amend has the effect of dismissing a potential claim, "it can be considered to be dispositive, and [the] plaintiff is entitled to a *de novo* review of that decision by the presiding judge"), *with Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, 2015 WL 1204975, at *1-2 (D. Kan. 2015) (applying "clearly erroneous or contrary to law" standard to review magistrate judge's denial of motion for leave to amend to add new claims). The Court therefore, based on the circumstances of this case, reviews Judge O'Hara's order under both standards.

"specific" to qualify as a proper objection under the Tenth Circuit's standard for filing objections, the Court nonetheless conducts a *de novo* review of Judge O'Hara's order.

Under Rule 15(a)(2), where there is no absolute right to amend, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Although Rule 15(a)(2) mandates that the court "freely give leave when justice so requires," leave may nonetheless be denied where the proposed amendment is "futile"—that is, where the amended complaint would be subject to dismissal. *Stewart v. Bd. of Comm'rs for Shawnee Cty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003); FED. R. CIV. P. 15(a)(2). The party opposing amendment bears the burden of establishing the proposed amendment's futility. *Boykin v. CFS Enter., Inc.*, 2008 WL 4534400, at *3 (D. Kan. 2008).

"The court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664. As such, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss. *Id*. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

With this framework in mind, the Court reviews the facts and allegations asserted by Plaintiff in support of her retaliation claim. Aside from checking the box marked "retaliation," Plaintiff's proposed second amended complaint is devoid of any allegations of retaliation. Doc. 25-1. The proposed second amended complaint alleges only the following facts: that Plaintiff was

"setup in a job transition wherein [she] was discriminated against"; that she was "sexually harassed in a hostile work environment"; that she was slandered, defamed, mocked, spied on, hacked, cheated, degraded, verbally abused, and otherwise treated unfairly due to her race, religion, gender, and color; and that her manager refused her request to "move away from the toxic environment." *Id.* at 3-4. Plaintiff does not allege <u>any</u> facts that could be construed as supporting a claim for retaliation. Absent such facts, the law dictates that Plaintiff's proposed amendment is futile, insofar as it includes a claim for retaliation. Having conducted a *de novo* review of the record, the Court agrees with Judge O'Hara's conclusion and finds that Judge O'Hara's partial denial of Plaintiff's motion for leave to amend was warranted.[5]

It stands to reason, therefore, that the Court also finds that Judge O'Hara's order on this issue was not clearly erroneous or contrary to law. The Court is not left with a definite and firm conviction that a mistake was made. Likewise, after reviewing the legal determinations, the Court concludes that Judge O'Hara did not misapply or fail to apply relevant law when he concluded that "plaintiff's retaliation claim would be subject to immediate dismissal, such that allowing plaintiff to assert it would be futile." Doc. 40 at 4. Accordingly, under either standard of review, the Court overrules Plaintiff's objection to Judge O'Hara's order.

## IV. CONCLUSION

IT IS THEREFORE ORDERED BY THE COURT that Plaintiff's objection to Judge O'Hara's June 6, 2018 order (Doc. 48) is OVERRULED. The Court AFFIRMS Judge O'Hara's order (Doc. 40).

---

[5] Although the above ruling is sufficient alone to resolve Plaintiff's objection, the Court's *de novo* review further finds that Plaintiff's retaliation claim would also be subject to immediate dismissal for failure to state a claim due to her failure to exhaust her administrative remedies.

IT IS FURTHER ORDERED that Plaintiff respond to the motion to dismiss (Doc. 44) filed by Individual Defendants by October 12, 2018. Failure to respond by this date will likely result in the dismissal with prejudice of Plaintiff's claims against Individual Defendants.

IT IS SO ORDERED.

Dated: September 28, 2018

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE