UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATRINA A. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED HEALTH GROUP, )<br>)<br>Defendant. ) | Case No. 18-2096-HLT |

## **ORDER**

On February 25, 2019, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference with the pro se plaintiff, Katrina A. Williams, and defendant's attorney, Karen R. Glickstein. Without objection, and for good cause shown (i.e., plaintiff's medical condition and ongoing treatment), the court granted her two pending motions (ECF Nos. 82 and 83) for relief from the deadlines and settings in the second amended scheduling order filed on February 14, 2019 (ECF No. 80). Said scheduling order is vacated. Without limiting the parties' ability to conduct highly targeted discovery provided they both agree, all discovery is stayed until further order of the court. However, by **June 3, 2019**, the parties must confer and then jointly file a status report outlining their respective proposals for completing discovery and other pretrial preparations. And if plaintiff believes at that time that her medical condition still precludes commencing discovery, the court expects a reasonably detailed explanation of why and

1

also how much additional delay she envisions, i.e., defendant is entitled to get this case resolved within a reasonable period of time. In addition, by the same June 3, 2019-deadline, the parties must confer and e-mail a proposed third amended scheduling order to the undersigned's chambers.

During the conference, based on documents already exchanged during discovery, defendant raised a concern that plaintiff, despite the termination of her employment with defendant, has retained some patients' protected health information ("PHI"), which could expose *both* parties to liability for violating The Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). For plaintiff's benefit, PHI generally is information, including demographic information, which relates to:

- an individual's past, present, or future physical or mental health or condition,
- the provision of health care to the individual, or
- the past, present, or future payment for the provision of health care to the individual, and that identifies the individual or for which there is a reasonable basis to believe can be used to identify the individual.

PHI includes many common identifiers (e.g., name, address, birth date, Social Security Number) when they can be associated with the health information listed above.

Notwithstanding the above-described general stay of discovery, and notwithstanding plaintiff's medical situation, the court hereby orders that, by **March 12,**

**2019**, plaintiff must produce to defense counsel copies of all documents (whether in paper or electronic form) in her possession, custody, or control that contain patients' PHI.  By the same March 12, 2019 deadline, plaintiff must also execute a sworn affidavit that she has not and will not divulge said PHI to any other person.  During the conference, plaintiff acknowledged such material would be confined to approximately sixty pages of paper documents and approximately twenty-five e-mails with attachments. Thus, since plaintiff acknowledged her medical condition is such that she's able to concentrate enough to drive an automobile on occasion, the court finds her burden of production is fairly minimal, and that appropriate protection of the patients' PHI need not and should not wait another three months before plaintiff complies.

    Dated  February  26, 2019, at Kansas City, Kansas.

                                                        s/ James P. O'Hara

                                                        James P. O'Hara
                                                        U.S. Magistrate Judge