UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KATRINA A. WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 18-2096-HLT |
| UNITED HEALTH GROUP, | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant has filed a motion to dismiss plaintiff's second amended complaint (ECF No. 89) as a sanction for plaintiff's failure to comply with the court's order to return all documents containing personal health information (PHI) of defendant's clients and/or patients (ECF No. 87). For the reasons below, the court declines to impose sanctions at this time. Plaintiff is ordered to return all documents containing PHI, including all paper copies in her possession, and sign an affidavit certifying the same by April 18, 2019.

Background

Plaintiff filed this employment discrimination case, alleging that defendant created a hostile work environment through sexually harassing comments and discriminatory

1

behavior based on her race, gender, color, and religion.¹ On May 21, 2018, plaintiff's counsel withdrew from representation, and plaintiff has been proceeding pro se since then.² On February 7, 2019, plaintiff moved for a continuance because of her ongoing recovery from an automobile collision.³ The court granted the continuance and entered an amended scheduling order on February 14, 2019.⁴ On February 19, 2019, plaintiff filed a motion for clarification of the scheduling order, asserting that she is "not able to sustain the mental efforts long enough to produce the requirements of this case" until after she recovers from her brain injury.⁵ Plaintiff filed a contemporaneous motion asking for a 90-day continuance,⁶ which defendant did not oppose.⁷

The court held a status conference on February 25, 2019, granted plaintiff's motion to continue the deadlines, and stayed discovery.⁸ The court also ordered plaintiff, notwithstanding the discovery stay, to "produce to defense counsel copies of all documents

---

¹ ECF No. 1.

² ECF Nos. 33, 36.

³ ECF No. 76.

⁴ ECF No. 80.

⁵ ECF No. 82.

⁶ ECF No. 83.

⁷ ECF No. 85.

⁸ ECF No. 87.

2
O:\ORDERS\18-2096-HLT-89.docx

(whether in paper or electronic form) in her possession, custody, or control that contain patients' PHI."[9] The court further ordered plaintiff to execute a sworn affidavit that "she has not and will not divulge said PHI to any other person."[10] On March 15, 2019, defendant filed the instant motion, arguing that plaintiff has failed to return certain documents that contain PHI.

Defendant alleges that plaintiff has failed to comply with the court's orders and the court should therefore dismiss plaintiff's second amended complaint for failure to prosecute.[11] Plaintiff represents that she returned the documents to defendants "in electronic and/or scanned .pdf form,"[12] but she concedes that she possesses paper copies of relevant documents.[13] On March 29, 2019, plaintiff filed an affidavit that asserts she has not disclosed confidential or proprietary information for any malicious purpose and that she has and will "only communicate details and evidence of [her] allegations, lawfully and truthfully along with [her] demands for restorative justice."[14] Additional filings on

---

[9] ECF No. 87.

[10] *Id.*

[11] ECF No. 90.

[12] ECF Nos. 91, 97.

[13] ECF Nos. 91-1, 92.

[14] ECF No. 93.

April 1, 2019 confirm that plaintiff also possesses documents that do not contain PHI.[15] The parties represented in e-mail correspondence to the court that plaintiff has provided additional documents electronically, which defendant is reviewing.

Standard

Under both Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent power, a case may be dismissed with prejudice for want of prosecution.[16] Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.[17]

"A district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules."[18]

---

[15] ECF No. 97.

[16] *Newman v. Cutler*, No. 11-CV-02309-JAR-KMH, 2012 WL 1080404, at *2 (D. Kan. Mar. 29, 2012) (citing *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967)).

[17] Fed. R. Civ. P. 41(b).

[18] *Hopson v. Deffenbaugh Disposal Serv., Inc.*, No. CIV.A. 07-2232-CM, 2008 WL 4642274, at *2 (D. Kan. Oct. 17, 2008); *Hopkins v. J.C. Penney Co.*, 227 F.R.D. 347, 351 (D. Kan. Nov. 19, 2004).

Specifically, the court can sanction a party for failure to obey a discovery order.[19] This discretion extends to dismissal with prejudice, but only in cases where a "lesser sanction would not serve the ends of justice."[20] The Tenth Circuit advises that "dismissal is appropriate only in cases where the aggravating factors outweigh the judicial system's strong interest in meritoriously resolving cases."[21] Dismissal, therefore, should be "used as a weapon of last, rather than first, resort."[22]

To consider whether dismissal is an appropriate sanction, the court considers the following factors: "(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective."[23] After considering all the relevant factors, the court may

---

[19] Fed. R. Civ. P. 37(b)(2)(A)); *Zander v. Knight Transportation, Inc.*, No. 13-04016-KHV-GLR, 2015 WL 13732183, at *4 (D. Kan. Nov. 9, 2015), *report and recommendation adopted*, No. CV 13-4016-KHV/GLR, 2015 WL 9216565 (D. Kan. Dec. 17, 2015), *aff'd*, 688 F. App'x 532 (10th Cir. 2017); *Hopson*, 2008 WL 4642274, at *2.

[20] *Hopkins*, 227 F.R.D. at 351.

[21] *Zander v. Knight Transportation, Inc.*, No. 13-04016-KHV-GLR, 2015 WL 13732183, at *5 (D. Kan. Nov. 9, 2015), *report and recommendation adopted*, No. CV 13-4016-KHV/GLR, 2015 WL 9216565 (D. Kan. Dec. 17, 2015), *aff'd*, 688 F. App'x 532 (10th Cir. 2017).

[22] *Nelson v. Herff Jones, Inc.*, No. 07-2170-JPO, 2008 WL 427549, at *3 (D. Kan. Feb. 13, 2008).

[23] *Zander*, 2015 WL 13732183, at *5; *Hopkins*, 227 F.R.D. at 351.

dismiss the case if it concludes that "dismissal alone would satisfy the interests of justice."[24]

Dismissal is Not Appropriate at This Time

The court finds that the factors described above do not outweigh the strong presumption against dismissal with prejudice. Defendant has suffered some prejudice. Plaintiff's failure to return all documents with PHI has caused defendant to expend time and resources to brief this issue and conduct the necessary internal procedures to address this matter. On the other hand, there has been minimal interference with the judicial process. Discovery is presently stayed at the parties' agreement, due to issues unrelated to this litigation, and the scheduling order has been vacated.[25] The parties' next deadline is not until June 3, 2019, when they shall file a joint status report proposing additional deadlines.[26]

Because plaintiff is proceeding pro se, she is solely culpable for her failure to provide all copies of PHI. However, information in her response and subsequent affidavit indicate her belief that she had complied with the order. The record shows that plaintiff

---

[24] *Llamas ex rel. D.T. Jr. v. City of Topeka, Kan.*, No. 04-4080-SAC, 2005 WL 767848, at *4 (D. Kan. Mar. 8, 2005) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[25] ECF No. 87.

[26] *Id.*

agreed to a proposed protective order, which the parties never submitted for entry.[27] Similarly, plaintiff told defendant that she did not have any hard copies of information, which may reflect a misunderstanding of the scope of the order.[28] Plaintiff did file an affidavit, albeit one that does not contain the precise language required by the court's order.[29] The parties appear to be working on an electronic transfer of additional documents, according to correspondence to the court on April 1, 2019. Based on these representations, the court accepts that plaintiff has made good-faith attempts to return the documents at issue.

However, plaintiff confirms that she does have "paper copies," which, to date, have not been returned.[30] Plaintiff's affidavit affirms her use of the documents for litigation purposes but does not certify the total compliance that the court ordered.[31] The court is inclined, based on plaintiff's pro se status and her ongoing medical issues, to give leeway to plaintiff's misunderstanding of the requirements to return all physical, paper copies (otherwise known as hard copies) of any PHI records.

---

[27] ECF No. 91-2.

[28] ECF No. 91-1.

[29] ECF Nos. 87, 93.

[30] *Id.*

[31] ECF No. 93.

The court instructs plaintiff to comply immediately with its prior order and will reiterate that the order extends to any and all electronic <u>and physical, paper copies</u> of any PHI information. This includes documents that may have been damaged in plaintiff's car, if they contain any PHI. These documents must be physically returned by certified mail to defendant so that plaintiff has no copies of them. The court agrees with defendant that the information at issue here is particularly sensitive and defendant needs to be able to ensure compliance with privacy laws and internal procedures.[32] As plaintiff has represented, the material constitutes approximately sixty pages of paper documents and approximately twenty-five e-mails with attachments.[33] The court recognizes the plaintiff may have documents from the course of her employment that do not contain PHI.[34] At issue here are the documents that do. Merely scanning copies and sending them electronically is insufficient. Plaintiff must physically return all documents via certified mail to remedy the privacy concerns to fulfill her obligation under the court's order. Plaintiff also must file an affidavit swearing that she "has not and will not divulge said PHI to any other person."[35] While recognizing that plaintiff has ongoing medical concerns, the burden of physical production is outweighed by the privacy concerns.

---

[32] ECF No. 90.

[33] ECF No. 87.

[34] ECF No. 95, 97.

[35] ECF No. 87.

Plaintiff has been previously notified both that she is personally responsible for complying with the deadlines in this case[36] and that failure to comply with the court's orders may result in the court dismissing her claims.[37] Pro se plaintiffs are given some latitude,[38] but the "Tenth Circuit has also repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[39] Accordingly, this order will serve as the final reminder that plaintiff's failure to prosecute her case or comply with court orders may result in dismissal.

Defendant's motion to dismiss (ECF No. 89) is denied. Plaintiff shall provide all copies, including all paper copies of any documents containing PHI, to defendants by April 18, 2019, and file an affidavit certifying her compliance. Failure to do so will likely result in sanctions, including dismissal.

IT IS SO ORDERED.

---

[36] ECF No. 38.

[37] *See* ECF No. 55, where the court instructed plaintiff that failure to respond to the motion to dismiss "will likely result in the dismissal with prejudice of plaintiff's claims against Individual Defendants").

[38] *See Zander*, 2015 WL 13732183, at *6 (explaining that "pro se plaintiffs are generally afforded leniency").

[39] *Zander*, 2015 WL 13732183, at *4 (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Dated April 2, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge