UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KATRINA A. WILLIAMS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-2096-HLT |
| | ) | |
| UNITED HEALTH GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff has filed a motion for leave to file a motion to compel (ECF No. 104) related to defendant's discovery responses, served on January 24, 2019. Because the deadlines in this case are currently stayed by the court's February 26, 2019 order (ECF No. 87), the motion is denied without prejudice. Plaintiff may refile a similar motion upon lifting of the stay, though the court notes that she has not shown excusable neglect and must comply with the local rules for filing a motion out of time.

Background

Plaintiff filed this employment discrimination case, alleging that defendant created a hostile work environment through sexually harassing comments and discriminatory behavior based on her race, gender, color, and religion.[1] Plaintiff previously filed a motion for continuance, followed by a motion for clarification of the scheduling order, attributing

---

[1] ECF No. 1.

her present inability to litigate this case to her recovery from a car accident.[2] She has represented to the court that she is "not able to sustain the mental efforts long enough to produce the requirements of this case" while she recovers.[3] The court granted plaintiff's motion to continue the deadlines in this case, vacated the scheduling order, and stayed discovery on February 26, 2019.[4] The order states that "[w]ithout limiting the parties' ability to conduct highly targeted discovery provided they both agree, all discovery is stayed until further notice of the court."[5]

Plaintiff now moves for leave to file a motion to compel related to defendant's discovery responses. Plaintiff served interrogatories on November 30, 2018.[6] Defendant served its answers on January 24, 2019,[7] after the court granted an extension to respond.[8] Under D. Kan. R. 37.1(b), plaintiff's deadline for filing a motion to compel discovery was

---

[2] ECF Nos. 76, 82.

[3] ECF No. 82.

[4] ECF No. 87.

[5] *Id.*

[6] ECF No. 65.

[7] ECF No. 75. Although plaintiff's certificate of service and instant motion refer to requests for production (*see* ECF Nos. 65 and ECF No. 104), defendant's certificate of service references only interrogatories (*see* ECF No. 75). The exhibits attached to plaintiff's reply (ECF No. 107) also include only interrogatories to defendants (ECF No. 107-4) and no requests for production.

[8] ECF No. 69.

February 25, 2019.[9] Yet plaintiff did not file any motion related to the discovery responses until May 1, 2019, over nine weeks later.[10]

Discovery is Stayed

The court denies plaintiff's motion at this time because all discovery is stayed. Whether to stay or otherwise limit discovery is within the sound discretion of the court.[11] The court has "the broad discretion to control and place appropriate limits on discovery," including the discretion to completely stay discovery until some future event occurs.[12] Here, the court's order stays all discovery until further notice of the court.[13] While the order does allow for "highly targeted discovery" during this time, it requires that both parties agree to the discovery.[14] That is not the case here. Plaintiff served the discovery, defendant responded, and the deadline for filing a motion to compel passed before the stay

---

[9] "Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived." D. Kan. R. 37.1(b). 30 days after service was February 23, 2019, a Saturday, making the deadline for plaintiff to file any motion to compel Monday, February 25, 2019.

[10] ECF No. 104.

[11] *Dickman v. Dep't of Transp.*, No. CIV.A. 11-2523-JTM, 2012 WL 940779, at *1 (D. Kan. Mar. 20, 2012).

[12] *Steil v. Humana Health Care Plans, Inc.*, No. CIV. A. 99-2541-KHV, 2000 WL 730428, at *1 (D. Kan. May 1, 2000).

[13] *Id.*

[14] ECF No. 87.

3

was entered. The motion plaintiff seeks to file is a discovery motion of the type contemplated by the stay. For this reason, plaintiff's motion is denied.

Excusable Neglect

Although the court denies the motion at this time, if and when the discovery stay is lifted, the parties will have the opportunity to seek additional discovery. For that reason, the court takes this opportunity to address separate deficiencies in plaintiff's motion. Notwithstanding the stay, plaintiff has not shown she is entitled to leave to file a motion to compel out of time. Plaintiff acknowledges that the deadline for filing a motion to compel has passed and that she is filing out of time.[15] Extensions of time will not be granted out of time, "except upon a showing of excusable neglect," not, as plaintiff argues, upon a showing of good cause.[16] Courts consider four factors to determine excusable neglect: (1) reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[17] That should be the standard that plaintiff addresses in any future motions for extensions filed out of time.

---

[15] *See* ECF No. 104.

[16] *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009).

[17] *Id.*

To date, plaintiff has not demonstrated compliance with the local rules regarding motions to compel. She has not addressed the scope of the requested motion to compel. As defendants note, it is still unclear "exactly what information [plaintiff] seeks to compel or which discovery responses she may believe are inadequate."[18] Plaintiff argues only that her request "is not a novelty in nature of request nor is it unreasonable or burdensome," and that it is a "request for production from defendants."[19] Further, D. Kan. R. 37.2 requires the moving party to confer or make a reasonable effort to confer in good faith with opposing counsel concerning the matter in dispute before filing the motion. Specifically, the party must certify its attempts and "describe with particularity the steps taken by all attorneys to resolve the issues in dispute."[20] It appears that plaintiff has not yet conferred with defendant about the information she seeks, which is required before filing any motion to compel.

The court recognizes that plaintiff has experienced an injury related to her car accident, but her explanation that she "just was not yet healed enough to communicate [her] request efficiently until now"[21] is insufficient. Although the court has made allowances

---

[18] ECF No. 106.

[19] ECF No. 107 at 2. Again, it is unclear to the court whether plaintiff ever served any requests for production of documents or whether she intends to serve additional requests for production (*see* FN 7, *supra*). Regardless, both are precluded by the present stay on discovery.

[20] D. Kan. R. 37.2.

[21] ECF No. 104 at 2.

for plaintiff,[22] including staying discovery based on plaintiff's medical condition and ongoing treatment,[23] she must comply with the federal and local rules just as any litigant must.[24]

Pursuant to ECF No. 87, the parties are required to confer and jointly file a status report by June 3, 2019, outlining their respective proposals for completing discovery and other pretrial preparations. At that time, plaintiff is instructed to provide a reasonably detailed explanation of her current medical condition and whether it still prevents her from commencing discovery.[25] The court will address the stay at that time. In the event the court lifts the stay, if plaintiff still intends to file a motion to compel, she must raise the issue with defendant to confer in good faith. If that is unsuccessful, plaintiff may file a renewed motion for leave to file a motion to compel, certifying her attempts to confer in good faith, after the stay is lifted and discovery is commenced.

Production of Personal Health Information (PHI)

Separately, defendant notes in its response that it is unclear whether plaintiff has fully complied with the court's April 2, 2019 order directing plaintiff to provide all copies, including paper copies, of any documents containing PHI and file an affidavit certifying

---

[22] *See* ECF No. 98.

[23] *See* ECF No. 97.

[24] *Zander v. Knight Transportation, Inc.*, No. 13-04016-KHV-GLR, 2015 WL 13732183, at *4 (D. Kan. Nov. 9, 2015), *report and recommendation adopted*, No. CV 13-4016-KHV/GLR, 2015 WL 9216565 (D. Kan. Dec. 17, 2015), *aff'd*, 688 F. App'x 532 (10th Cir. 2017).

[25] ECF No. 87.

her compliance.[26] The docket reflects that plaintiff filed an affidavit on April 18, 2019, representing that she had returned all relevant documents by mail.[27] Defendant acknowledges that plaintiff sent a UPS package to defendant, but represents that the package contained only two pages of paper and that defendant is still "unsure whether plaintiff has complied with the court's directive to produce all paper copies of PHI in her possession."[28]

As the court noted in its order denying defendant's motion to dismiss (ECF No. 98), plaintiff's failure to comply will likely result in sanctions, as the court has now repeatedly directed plaintiff to comply with this requirement. To resolve this issue jointly, the parties should include a status update on the production of the documents containing PHI in their joint status report due by June 3, 2019, as set forth in ECF No. 87. If the parties still disagree at that time, the court will require both parties to appear to discuss the status and extent of compliance through a clear and productive conversation.

IT IS SO ORDERED.

Dated May 10, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

[26] ECF No. 98.

[27] ECF No. 99.

[28] ECF No. 106.