UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATRINA A. WILLIAMS,           )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. 18-2096-HLT
                               )
UNITED HEALTH GROUP,           )
                               )
          Defendant.           )

# **ORDER**

The pro se plaintiff has filed a motion (ECF No. 120) asking the court to issue (1) a protective order and (2) an order requiring defendant to attest both that plaintiff complied with the court's past orders requiring the return of protected health information ("PHI") and that the discovery she has produced to date demonstrates the merits of her case. For the reasons discussed below, the motion is denied on both accounts.

**Request for Protective Order**

Plaintiff first asks the court to enter a "joint protective order."[1] She complains that "Defendant disregarded my request to institute a joint protective order."[2] This request is denied. Plaintiff does not state with particularity the grounds (legal or factual) for the

---

[1] ECF No. 120 at 2.

[2] *Id.* at 3. See also *id.* at 13 ("I am requesting a protective order which I already requested in the first Rule 26(f) Planning Meeting and the request wasn't submitted by counsel for defendant.").

requested relief, as required by Fed. R. Civ. Pro. 7(b)(1)(B). Moreover, the court has no authority to force defendant to agree to a jointly proposed protective order. In situations where "the parties disagree about the need for a protective order and/or its scope or language, the party or parties seeking such an order must file an appropriate motion (with the proposed protective order attached) and supporting memorandum."[3] Plaintiff did not attach a proposed protective order to her motion, nor state the grounds for entering a protective order in her incorporated memorandum. The requirements not having been met, this portion of the motion is denied.

**Request for Attestation**

Next, plaintiff asks the court to order defense counsel to attest that she complied with the court's orders requiring her to return PHI to defendant.[4] As an initial matter, the court will construe this request as directed at defendant, rather than its counsel (who are not parties to this case). Plaintiff has presented no evidence to prove she has complied with the court's orders on PHI. The court has given defendant until October 30, 2019, to evaluate plaintiff's compliance with such orders.[5] If defendant is satisfied with the PHI plaintiff returned to it, then the issue is moot. If defendant contends plaintiff has failed to return all PHI, then defendant must file a motion for sanctions against plaintiff by that

---

[3] Guidelines for Agreed Protective Orders for the District of Kansas, available at www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf

[4] *See* ECF Nos. 87, 110, 112.

[5] ECF No. 115 at 2.

date,[6] and plaintiff will then have a chance to respond to the motion filed. Plaintiff's request for attestation, which in effect would expedite defendant's decision on the PHI issue, is denied.

Finally, plaintiff requests "that counsel for defendant provide attestation that they've read the nature of all of the documented evidence which I presented in the details of disclosure documents thus far, and agree that the conversations within those documents provide evidence of the biases/unfairness and harassment to which I legitimately complained about."[7] The court construes this as a request for the court to order defendant to admit liability in this case. This is an improper request. Defendant has a right to present evidence that refutes plaintiff's allegations and evidence. Plaintiff has presented no support for abrogating this right. Plaintiff's request is thus denied, and this portion of the motion is also denied.

IT IS THEREFORE ORDERED that plaintiff's motion for orders (ECF No. 120) is denied.

Dated September 24, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6] *Id.*

[7] ECF No. 120 at 2.