IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATRINA A. WILLIAMS,                    )
                                        )
                Plaintiff,              )
                                        )
v.                                      )        Case No.  2:18-cv-02096
                                        )
UNITEDHEALTH GROUP,                     )
                                        )
                Defendant.              )

## ORDER

The pro se plaintiff, Katrina Williams, has filed a motion (ECF No. 143) seeking to compel discovery responses to her requests for production and second set of interrogatories.  Defendant opposes the motion, arguing as an initial matter plaintiff failed to comply with the Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 requirements to meet and confer before filing such a motion.  Defendant further argues plaintiff's motion does not clearly state her objections or which documents she seeks.  For the reasons discussed below, plaintiff's motion is respectfully denied.

Analysis

Fed. R. Civ. P. 37(a)(1) requires that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  In addition, D. Kan. Rule 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the

moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The court takes the requirements of Rule 37.2 seriously. The purpose of the conference requirements in the federal and local rules is to encourage parties to resolve their discovery disputes without resorting to judicial intervention.[1] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[2] The court evaluates all the surrounding circumstances to determine whether the movant's efforts to confer were reasonable.[3] The duty to initiate the

---

[1] *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014); *Gipson v. Sw. Bell Tel. Co.*, No. 08-2017, 2008 WL 4499972, at *3 (D. Kan. Oct. 1, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[2] *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007) (citing *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

[3] *Activision TV, Inc.*, 2014 WL 789201, at *2.

conference process is on the party making the motion.[4]  The court may deny a discovery motion for failure to confer prior to filing it.[5]

On August 8, 2019, plaintiff served her request for production of documents.[6]  On August 16, 2019, she served her second set of interrogatories.[7]  Defendant, after receiving an extension of time, served responses on September 23 and 30, 2019, respectively.[8] Plaintiff did not confer with defendant or otherwise attempt to discuss the substance of the responses.[9]  Rather, plaintiff filed the instant motion on October 14, 2019.[10]

Plaintiff attaches to her reply "an exhibit which details the requests for production that [she] requested from defendant."[11]  The exhibit contains e-mails discussing service of the discovery, defendant's request for an extension to respond, plaintiff's additional request for production, and plaintiff's clarification of the scope of several requests.[12]  This chain

---

[4] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 245 (D. Kan. 2010).

[5] *Id.*

[6] ECF No. 113.

[7] ECF No. 117.

[8] *Gipson v. Sw. Bell Tel. Co.*, No. 08-2017, 2008 WL 4499972, at *3 (D. Kan. Oct. 1, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[9] ECF No. 150.

[10] ECF No. 143.

[11] ECF No. 153.

[12] ECF No. 153-1.

of correspondence occurred before defendant served its responses. Plaintiff has offered no evidence of conferring with defendant after receiving its responses, beyond plaintiff's assertion that the parties "conferred about [her] request for production in several conversations."[13] Plaintiff claims her second request for production "is just a more specific and condensed version of [her] first request for production so there really wasn't anything mentioned to defendants that they weren't already aware of."[14] This explanation for her failure to meet and confer is unpersuasive.

The court therefore finds plaintiff violated Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 by failing to meet and confer on the dispute. Plaintiff's assertion that the parties conferred about the discovery does not constitute "reasonable efforts to confer" under the rules. The court directs plaintiff to contact defense counsel upon receipt of this order to a schedule a time when the parties can confer about the issues raised in the motion on or before **December 5, 2019**.

Though the court does not reach the merits of plaintiff's motion here, it reiterates to plaintiff the necessity of conferring clearly with defense counsel about her specific requests. Defendant argues, and the court agrees, it is "unclear from plaintiff's motion exactly what information she is seeking to compel or which discovery responses she believes may be inadequate."[15] When the parties confer, they "must determine precisely

---

[13] ECF No. 153.

[14] *Id.*

[15] ECF No. 150.

what the requested party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."[16] The court reminds plaintiff of its May 10, 2019 order denying her motion for leave to file a motion to compel related to defendant's prior discovery responses.[17] The court denied that motion without prejudice because the deadlines were stayed at the time.[18] But the court instructed plaintiff of her obligation to comply with federal and local rules – specifically her obligation to confer with defendant in good faith, and to certify those attempts, before filing any motion to compel.[19] Failure to do so in future motions to compel will likely result in denial with prejudice, if not more severe sanctions.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 143) is denied. If, after conferring, the parties are unable to reach an agreement on disputes over this discovery, plaintiff may re-file a motion, fully compliant with the standards governing motions to compel, by **December 5, 2019.**

Dated November 14, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara

---

[16] *McBride v. Medicalodges, Inc.*, No. 06-2535JWL-GLR, 2008 WL 695812, at *1 (D. Kan. Mar. 13, 2008).

[17] ECF No. 110.

[18] *Id.*

[19] *Id.*

U.S. Magistrate Judge