IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATRINA A. WILLIAMS, )
)
    Plaintiff, )
)
v. ) Case No. 2:18-cv-2096
)
UNITEDHEALTH GROUP, )
)
    Defendant. )

## ORDER

The pro se plaintiff, Katrina Williams, has filed an amended motion (ECF No. 159) seeking to compel defendant's discovery responses to her requests for production and second set of interrogatories. Defendant opposes the motion, arguing it has produced responsive documents and answered the interrogatories, while maintaining several of its objections.[1] For the reasons discussed below, the court grants the motion as to Interrogatory No. 7. The court otherwise denies plaintiff's motion.

Background

On August 8, 2019, plaintiff served her request for production of documents.[2] On August 16, 2019, she served her second set of interrogatories.[3] Defendant, after receiving

---

[1] ECF No. 164.

[2] ECF No. 113.

[3] ECF No. 117.

an extension of time, served responses on September 23 and 30, 2019, respectively.[4] Plaintiff filed a motion to compel on October 14, 2019,[5] but because she did not confer with defendant, the court denied the motion without prejudice.[6] Plaintiff filed another motion to compel on December 6, 2019,[7] then filed an amended motion to compel on December 13, 2019.[8]

Fed. R. Civ. P. 37(a)(1) requires that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. The court evaluates all the surrounding circumstances to determine whether the movant's efforts to confer were reasonable.[9]

Altogether, plaintiff moves to compel supplemental responses to eleven requests for production and five interrogatories. The substance of plaintiff's motion focuses on the interrogatories and does not include specific arguments as to the requests for production. But plaintiff attaches as an exhibit an e-mail between her and defense counsel, wherein the

---

[4] ECF No. 130 and 132.

[5] ECF No. 143.

[6] ECF No. 154.

[7] ECF No. 157.

[8] ECF No. 159.

[9] *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014).

2

requests for production are listed, along with plaintiff's "justification of request," defendant's responses, and plaintiff's responses to defendant. Because of the formatting and the font used, as well as the content, the court construes "plaintiff's responses" in ECF No. 159-3 as her substantive arguments in her motion to compel regarding those requests for production. The parties conferred about their discovery disputes at least three times before filing the instant motion.[10] Because defendant has not objected that plaintiff failed to confer about any discovery responses, the court finds the parties' efforts to confer were reasonable. The court moves to the merits of plaintiff's motion.

Standard

The court must construe plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[11] However, a *pro se* party "is not excused from complying with the rules of the court."[12] The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. Although there's a presumption in favor of disclosure of information, discovery is limited to information that is "relevant to any party's claims or defense and proportional to the needs of the case."[13]

---

[10] ECF No. 159 at 2; ECF No. 164 at 1.

[11] *Sullivan v. HCA Healthcare, Inc.*, No. 19-2034-JAR-TJJ, 2019 WL 4034473, at *3 (D. Kan. Aug. 27, 2019).

[12] *Id.* (quoting *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

[13] Fed. R. Civ. P. 26(b)(1).

Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on" any party's claim or defense.[14]

The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[15] The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[16] One central purpose of its inclusion is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[17]

<u>Defendant Has Produced Responsive Documents to Requests (Request Nos. 1, 2, 5, 13)</u>

For four requests for production, defendant asserts it has already produced substantive responses. The court reproduces the requests below for reference:

> REQUEST NO. 1: Please provide Plaintiff with production all conversations conveyed between Maxwell Thompson and

---

[14] *Gilmore v. L.D. Drilling, Inc.*, No. 16-CV-2416-JAR-TJJ, 2017 WL 2439552, at *1 (D. Kan. June 6, 2017).

[15] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[16] Fed. R. Civ. P. 26(b)(1); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *1 (D. Kan. Mar. 15, 2018).

[17] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

4

> Katrina Williams via Cisco Jabber/Instant Messenger from September 2016 through July 2017.
>
> REQUEST NO. 2: Please provide Plaintiff with production all conversations conveyed between Stephanie Mochamer and Katrina Williams via Cisco Jabber/Instant Messenger from September 2016 through July 2017.
>
> REQUEST NO. 5: Provide Plaintiff honest and accurate details of the cost savings project that occurred in 2016 which revolved around internal approval for IMRT and Chemo PA case reviews assigned to Katrina Williams and Joshua Curtis during their first year and compare the ratio of cases completed by each coordinator and show what were quality scores for performance during their first nine months.
>
> REQUEST NO. 13: Please provide all of the email correspondences between Mark Marklein, Mark Freidman and Katrina Williams in which Katrina Williams requests clarification, updates or complaints about quality, work environment, training inconsistencies, resources and job-related updates and/or improvements.

The court will not reproduce the entirety of defendant's objections and plaintiff's responses here; they can be found in documents ECF No. 164 and ECF No. 159-3. For Request Nos. 1 and 2, defendant represents it has produced relevant screenshots of Cisco Jabber/Instant Messenger messages exchanged between plaintiff and the named co-workers.[18] Defendant's e-discovery director represents by affidavit that defendant does not store these instant messages.[19] Rather, the only way the messages are preserved is if a party screenshots the message.[20] Defendant previously produced nine responsive

---

[18] ECF No. 164 at 4; ECF No. 159-3 at 1-2.

[19] ECF No. 164-1.

[20] ECF No. 164 at 5.

documents captured by screenshot.[21] All responsive documents that exist have been produced.

Similarly, defendant produced documents responsive to Request No. 5, including QA auditing worksheets that include the objective results of audits for plaintiff and another co-worker, Josh Curtis.[22] In response to Request No. 13, defendant produced e-mail correspondences between plaintiff, Mark Marklein, and Mark Freidman where plaintiff "sought clarification about her job duties, inquired or commented about training inconsistencies, or in which her job performance was discussed."[23]

Defendant has adequately produced the relevant documents for Request Nos. 1, 2, 5, 13. In her responses, plaintiff re-asserts her requests, without offering any additional support for her argument. At this stage, there is no evidence that there is any additional relevant information defendant is withholding. Without such evidence, the court "cannot compel the production of documents have not been uncovered after a reasonable search."[24] If, at a later stage, it is revealed responsive documents exist but were intentionally not found or produced by defendants, plaintiff may pursue sanctions. Based on the record, that is not the case now. The court therefore denies plaintiff's request.

---

[21] *Id.*

[22] *Id.* at 6.

[23] *Id.* at 6-8.

[24] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014).

Defendant Has Adequately Responded to Requests Nos. 3 and 11

For two requests, defendant asserts it does not have responsive documents in its control. In her e-mail response, plaintiff restates her requests, without offering any additional support for her argument, or even contesting defendant's representation that the responsive documents do not exist. The two requests read:

> REQUEST NO. 3: Please provide Plaintiff with production of all the recording transcript of the Bi-Monthly CBE (Clinical Business Enablement) Meeting which was conducted in July and/or August of 2017, and hosted by Mark Friedman.
>
> REQUEST NO. 11: Please provide a full transcript of the video and audio recordings of the Monthly Culture Ambassador meetings March, April June and October 2017.

Defendant asserts it has no responsive documents in its reasonable custody and control and provides an affidavit from its former Vice President of Clinical Auditing to that effect.[25] Again, there is no evidence additional relevant information exists, nor does plaintiff make that argument. The court therefore finds defendants' production sufficient and denies plaintiff's requests.

Defendant Has Adequately Answered Interrogatory Nos. 10, 11, 15

Plaintiff moves to compel supplemental answers to three interrogatories where defendant represents it has provided answers in full.

> INTERROGATORY 10: If defendant contends that the conduct alleged in plaintiff's complaint would not be offensive to a reasonable person, state with particularity all facts supporting the contention.

---

[25] ECF No. 164-2.

> INTERROGATORY 11: If defendant contends that plaintiff warranted the biases from Team Lead and Supervisors in grading, training and performance evaluations alleged in plaintiff's complaint, state with particularity all facts supporting the contention.

Defendant objects to the interrogatories as vague, ambiguous, and unintelligible.[26] Defendant then reiterates its positions that "plaintiff was not subjected to the sex, religious, or race-based discrimination or harassment as alleged in her Second Amended Complaint" and that "plaintiff's job performance was measured by objective case metrics."[27] In plaintiff's motion, she restates several of her factual assertions, legal theories, and claimed damages. However, she fails to include any persuasive authority to support her request of *all facts* supporting the contention, nor does she clarify the interrogatory to address defendant's vague and ambiguous objections. Again in her reply, plaintiff restates some of the previous communication with defendant's employees and defense counsel but does not respond to defendant's objections to the interrogatories themselves.

The court agrees the interrogatories are vague and ambiguous in their wording. Further, the interrogatories are overbroad. Interrogatories may ask for supporting facts, but asking for a narrative account of a party's case is generally objectionable.[28] That is, asking for every conceivable detail and fact concerning the entire case is unduly

---

[26] ECF No. 164 at 9.

[27] *Id.*

[28] *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. CIV.A.03-2470-CM-DJW, 2005 WL 44534, at *8 (D. Kan. Jan. 7, 2005).

burdensome or overly broad.[29]  The interrogatories here are not tailored to a particular allegation or defense; rather, they broadly seek support for general conclusions as restated by plaintiff, which are vague and ambiguous on their own.  To the extent plaintiff seeks further supplementation, the court sustains defendant's objections.

Requests Nos. 9 and 10

Defendant mentions Request Nos. 9 and 10 in its response to plaintiff's motion as requests for which plaintiff is seeking to compel responses.  However, defendant does not include the text or its objections in the body of its response, nor does plaintiff raise these requests specifically in her motion to compel.  In the exhibit containing e-mail communication regarding defendant's objections, the numbering system used is not the same as the numbering system in the original discovery requests.  The court therefore does not have these requests for production to review and no party has raised them specifically in the briefing.  The court therefore construes any dispute over these two requests for production as resolved.

Remaining Requests

The remaining requests and interrogatories at issue are ones where defendant stands on its relevance and overbreadth objections.  When the information sought appears relevant, the objecting party has the burden to establish the lack of relevance by

---

[29] *Id.*; *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007).

9

demonstrating the requested discovery "(1) does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[30] Defendant, as the objecting party, has the burden of showing how these discovery requests are objectionable.[31] When relevance is not readily apparent, the party seeking discovery has the burden of showing the requests are relevant.[32] Determinations of relevance are made on a case-by-case basis.[33]

Request No. 4

Request No. 4 reads:

> Please provide Plaintiff with production of all the hourly salary amounts of all of the staff and employees on the PCS (Physician Services Coordinator) Team from January 2016 to January 2018.

Defendant objects that this salary information is not relevant to plaintiff's claims because she hasn't made any allegations of disparate treatment with respect to pay.[34]

---

[30] *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-2298-DDC-GLR, 2017 WL 1545668, at *2 (D. Kan. Apr. 28, 2017); *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2016 WL 3654759, at *1 (D. Kan. July 8, 2016).

[31] *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2016 WL 3654759, at *1 (D. Kan. July 8, 2016).

[32] *Gilmore v. L.D. Drilling, Inc.*, No. 16-CV-2416-JAR-TJJ, 2017 WL 2439552, at *2 (D. Kan. June 6, 2017).

[33] *Id.*

[34] ECF No. 164 at 5-6.

Defendant further objects that this request is overly broad and unduly burdensome.[35] The court agrees. Plaintiff's lawsuit involves claims of discrimination and harassment based on race, gender, and religion.[36] She has not alleged pay disparity. The relevance of *all* hourly salary amounts of *all* staff and employees is overly broad, and that information is not relevant to plaintiff's claims on its face. Plaintiff asserts her pay grade was changed unexpectedly and she was unaware of her salary before starting her new position.[37] But plaintiff has not met her burden to demonstrate how the salaries of all other employees on a particular team are relevant to her claims. The court denies plaintiff's request.

Request No. 7

Request No. 7 reads:

> Please provide an itemized report of Katrina Williams's employer matched monetary donations provided to 501(c)(3) Organizations from 2015 and 2017 as stored on the UnitedHealth Group's Benevity website.

Defendant objects that information about plaintiff's 501(c)(3) contributions is not relevant to plaintiff's claims.[38] The court agrees. Plaintiff's lawsuit involves claims of discrimination and harassment based on race, gender, and religion.[39] The relevance of plaintiff's charitable contributions is not relevant to plaintiff's claims on its face. Plaintiff

---

[35] *Id.* at 5-6.

[36] *See* ECF No. 41.

[37] ECF No. 159-3 at 2.

[38] ECF No. 164 at 6-7.

[39] *See* ECF No. 41.

11

asserts this information is relevant to show "her focus on Christian principles, rather than selfish ambition."[40] The court is not persuaded this information is relevant and therefore denies plaintiff's request.

Request No. 12

Request No. 12 reads:

> Please provide the details of the Green Belt cost savings project that Optum Rx employee, Sarah Katzer was working on in 2016 and 2017.

Defendant objects that information about another employee's project is not relevant to plaintiff's claims.[41] Defendant also objects that the request is vague and seeks confidential information from non-parties. Plaintiff states Ms. Katzer sat next to her in the office and "informed [plaintiff] of the libel and slander" in the office.[42] But plaintiff has not shown how the details of a project she worked on are relevant to those conversations or the claims of plaintiff's case. The court denies plaintiff's request.

Interrogatory No. 7

Interrogatory No. 7 states:

> If defendant has a written policy prohibiting sexual harassment in the workplace, identify the following: (a) The effective date of the policy. (b) The exact terms of the policy. (c) Each individual, by name and job title, responsible for formulating the policy. (d) The consequences for violating the policy. (e) The manner in which employees are informed of the policy. (f)

---

[40] ECF No. 159-3 at 3.

[41] ECF No. 164 at 7.

[42] ECF No. 159-3 at 5.

> The person to whom a complaint of sexual harassment should be made. (g) The form a complaint of sexual harassment should take.

Defendant objects to the interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[43] However, defendant has already provided responses to subparts (a), (b), (d), (f), and (g) by producing a copy of its sexual harassment policy and has supplemented its response to note that "plaintiff received and acknowledged the handbook containing the policy."[44] Plaintiff alleges, in part, her co-workers sexually harassed her. The interrogatory seeks information relevant to plaintiff's claim of harassment. Who created the sexual harassment policy and how employees were trained on the policy are reasonably likely to be relevant to defendant's handling of plaintiff's sexual harassment allegations. Responding to the remaining subparts in full will not unduly burden defendant. Defendant shall supplement its answer to Interrogatory No. 7 in full.

Interrogatory No. 9

Interrogatory No. 9 states:

> If defendant has a policy regarding consensual sexual relationships among coworkers, respond as follows: (a) Identify, by name and job title, each person responsible for formulating the policy. (b) State the manner in which employees are informed of the policy. (c) State the manner in which the policy is enforced.

---

[43] ECF No. 164 at 8.

[44] *Id.* at 8.

Defendant objects that this interrogatory is overly broad, unduly burdensome, and not relevant to plaintiff's claims.[45] Plaintiff responds this information is necessary "to affirm that defendants understand what is understood as not behaviors of consensual sexual relationships."[46] The court agrees with defendant. Plaintiff has not alleged any consensual sexual relationship in this case, and plaintiff has not shown that a policy regarding such relationships is relevant to her claims. The information that plaintiff seeks regarding relationships in the workplace can be captured by other discovery requests, including the sexual harassment policy. The court denies plaintiff's request.

Interrogatory No. 15

Interrogatory No. 15 states:

> If defendant has a written policy prohibiting discrimination in the form of hostile work environment in the workplace, identify the following: (a) The effective date of the policy. (b) The exact terms of the policy. (c) Each individual, by name and job title, responsible for formulating the policy. (d) The consequences for violating the policy. (e) The manner in which employees are informed of the policy. (f) The person to whom a complaint of sexual harassment should be made. (g) The form a complaint of sexual harassment should take.

Defendant objects that the interrogatory exceeds the number allowed under Federal Rule 33 and the scheduling order. Moreover, defendant objects that it is duplicative of Interrogatory No. 7, to which defendant produced responsive documents.[47] The court

---

[45] *Id.* at 8-9.

[46] ECF No. 159-1 at 2.

[47] ECF No. 164 at 9-10.

agrees that defendant's answer to Interrogatory No. 7 sufficiently covers the information requested in Interrogatory No. 15 and sustains defendant's objection.

IT IS THEREFORE ORDERED that plaintiff's motion (ECF No. 159) is granted in part and denied in part. Defendant shall supplement its answer to Interrogatory No. 7 in full by **February 18, 2020**. For all other requests, plaintiff's motion is denied.

Dated February 3, 2020, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge