IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATRINA A. WILLIAMS,

    Plaintiff,

    v.

UNITEDHEALTH GROUP, et al.,

    Defendants.

Case No. 2:18-cv-02096-HLT-JPO

## MEMORANDUM AND ORDER

Plaintiff Katrina A. Williams brings this action pro se[1] asserting claims for harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* After a series of discovery delays resulting from Plaintiff's ongoing health concerns, Magistrate Judge James P. O'Hara issued a Report and Recommendation that the Court dismiss Plaintiff's claims without prejudice to re-filing within one year. Doc. 174. Judge O'Hara reasoned that such action will allow Plaintiff to resume the litigation when she is confident that her health concerns will not keep her from fully participating in it. *Id.* at 13. Plaintiff filed a timely objection pursuant to Federal Rule of Civil Procedure 72 and District of Kansas Rule 72.1.4. Doc. 175. Because the Court, after its own *de novo* review, agrees that dismissal without prejudice to re-filing within one year is appropriate, the Court overrules Plaintiff's objection and adopts Judge O'Hara's Report and Recommendation.

---

[1] Although Plaintiff was represented by counsel at one point in these proceedings, Plaintiff now proceeds pro se. As such, her pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

1

## I. BACKGROUND

The discovery delays that plagued this case are fully set out in Judge O'Hara's Report and Recommendation. Doc. 174 at 2-6. Discovery and motion practice proceeded normally in this case until February 13, 2019, at which point Plaintiff requested a discovery stay due to her health concerns. Doc. 78. Plaintiff explained that she suffered from post-concussion symptoms, which caused her mental fatigue and an inability to focus. *Id.* Judge O'Hara granted the discovery stay and directed the parties to file a status report by June 3, 2019. Doc. 87 at 1. When that date arrived, the parties requested an additional stay of seven weeks, citing Plaintiff's continuing health concerns and upcoming doctor visits as evidence that she could not meet the demands of litigation at that time. Doc. 111. Judge O'Hara issued an order extending the stay until July 25, 2019, but warned Plaintiff that he would recommend that the Court dismiss her claims without prejudice if she was unable to move forward at that point. Doc. 112 at 1-2.

Soon after the stay ended, it became clear that Plaintiff's health concerns remained an obstacle to discovery and other pretrial matters. Between October 4, 2019 and October 16, 2019, Defendant's attempts to depose Plaintiff were repeatedly delayed due to Plaintiff's inability to focus. Doc. 172 at 2-3. Defendant was able to complete the deposition after two telephone conferences with Judge O'Hara. *Id.* But despite repeated attempts to complete Plaintiff's protected health information ("PHI") deposition, various health issues and medical appointments prevented Plaintiff from sitting for the PHI deposition. *Id.* Plaintiff also failed to complete her portions of the proposed pretrial order. *Id.*

Judge O'Hara, in the midst of these delays, concluded the case was not on track for its trial date and vacated all deadlines in the fourth amended scheduling order. Doc. 152 at 1-2. After a status conference regarding the parties' inability to complete the PHI deposition and the pretrial

order, Judge O'Hara ordered the parties to show cause as to whether the case should be dismissed without prejudice. Doc. 170. Upon receiving responses from the parties, he issued a Report and Recommendation that Plaintiff's claims be dismissed without prejudice to re-filing within a year. Doc. 174. Judge O'Hara reasoned that, if Plaintiff was first able get a handle on her health concerns, she could resume the litigation where it left off without any more delays. Plaintiff now objects to that Report and Recommendation. Docs. 175-176.[2]

## II. STANDARD

Pursuant to Rule 72 and District of Kansas Rule 72.1.4, a party may assert objections to a pretrial order of a magistrate judge. In dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995). After conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). To preserve an issue for *de novo* review by the district court, objections to a magistrate judge's disposition "must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is "sufficiently specific" if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate." *Coffman v. CHS Gas & Oil*, 2018 WL 3616948, at *2 (D. Kan. 2018).

---

[2] Plaintiff filed two documents in response to Judge O'Hara's Report and Recommendation. Docs. 175, 176. The second of these, Doc. 176, was docketed as a motion for leave to file a corrected response, and it includes additional documents as exhibits. Mindful of Plaintiff's pro se status and the short time between the two responses, the Court grants Plaintiff's motion for leave and will consider both documents in resolving Plaintiff's objection.

## III. ANALYSIS

At the outset, the Court has difficulty concluding that Plaintiff offers a "specific" objection to Judge O'Hara's Report and Recommendation. Instead, Plaintiff's objection accuses Defendant of lying during discovery and makes factual allegations to bolster her underlying claims. *See* Doc. 175 at 1-2; Doc. 176 at 2-4. Despite the lack of a specific objection, and mindful of Plaintiff's pro se status, the Court will conduct a *de novo* review of the Report and Recommendation based on the entire record.

Based on this *de novo* review, the Court finds that dismissal of Plaintiff's claims without prejudice to re-filing within one year is warranted. Dismissal without prejudice is a significantly less-severe sanction than dismissal with prejudice. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). This is because when a plaintiff's claim is dismissed without prejudice, he or she retains the ability to seek vindication of that claim in the courts. *See id.*; *see also Phillips v. Pub. Serv. Co. of N.M.*, 58 F. App'x 407, 409 (10th Cir. 2003). A court therefore may "enter such an order without attention to any particular procedures." *Nasious*, 492 F.3d at 1162. Whether dismissal without prejudice is justified will depend on the procedural history of the case. *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979).

The five factors laid out by the Tenth Circuit in *Ehrenhaus v. Reynolds* provide a framework for determining whether dismissal is justified. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The Court will consider: (1) the degree of actual prejudice to the defendant; (2) the amount of interference in the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal; and (5) whether lesser sanctions would be appropriate and effective. *Id*. These factors are not exhaustive, and the Court need not weigh them equally. *Trevizo v. DG Retail, LLC.*, 2015 WL 134301, at *2 (D. Kan.

2015). Although "a district court need not follow 'any particular procedures' when dismissing an action without prejudice . . . ," *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007) (quoting *Nasious*, 492 F.3d at 1162), the Court finds those factors are nonetheless helpful in deciding whether dismissal without prejudice in this case is appropriate.

### A. The Degree of Actual Prejudice to Defendant

The degree of actual prejudice to Defendant is great and weighs in favor of dismissal. Defendant has endured repeated delays and is faced with an open-ended case due to Plaintiff's ongoing health concerns. Defendant, in attempting to accommodate Plaintiff's health issues, was forced to take Plaintiff's deposition in piecemeal chunks over several days. Defendant completed the deposition only after numerous attempts to reschedule. Further, Defendant still has not been able to take Plaintiff's PHI deposition, despite roughly three months of communications, scheduling, and rescheduling. All of this comes at great cost to Defendant, especially when considering the lack of an end-game for this case. As Judge O'Hara aptly concluded, "Defendant cannot be expected to wait in limbo indefinitely for plaintiff to provide a day-to-day update on her medical conditions." Doc. 174 at 9. The first *Ehrenhaus* factor weighs strongly in favor of dismissal.

### B. The Amount of Interference in the Judicial Process

The large amount of interference in the judicial process favors dismissal. Judge O'Hara has repeatedly been forced to intervene to ensure Plaintiff's compliance with her discovery obligations. The complete lack of deadlines in this case also weighs on the Court, as it has "impact[ed] the court's ability to manage its docket and move forward with the cases before it." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). This factor also weighs in favor of dismissal.

### C. The Culpability of the Plaintiff

Plaintiff's engagement with defense counsel evidences at least some attempt to comply with her discovery obligations despite her medical limitations. And like Judge O'Hara, the Court discerns no ill intent. But her consistent failure to comply is not always justified by the stated reasons, especially considering the leeway she has been given. And because Plaintiff proceeds pro se, she bears the responsibility and cannot blame any delay on an attorney. The Court therefore finds that Plaintiff bears at least some culpability. This factor also weighs in favor of dismissal.

### D. Whether the Court Warned Plaintiff that Noncompliance Likely Would Result in Dismissal

Judge O'Hara warned Plaintiff that noncompliance would likely result in dismissal. In his June 5, 2019 order, Judge O'Hara notified Plaintiff that "unless plaintiff is prepared to move forward at that point, the undersigned probably will issue a report and recommendation to the presiding U.S. District Judge, Holly L. Teeter, that this case be dismissed, without prejudice to being re-filed, based on lack of prosecution." Doc. 112 at 2. Based on this notice, the fourth *Ehrenhaus* factor weighs in favor of dismissal.

### E. Whether Lesser Sanctions would be Appropriate and Effective

Although dismissal can be a harsh remedy, the Court notes that Judge O'Hara has recommended dismissal <u>without prejudice</u> to re-filing within one year. Dismissal without prejudice is a lesser sanction than dismissal with prejudice. *See Nasious*, 492 F.3d at 1162 (noting that dismissal with prejudice is "a significantly harsher remedy" than dismissal without prejudice). Further, any other sanction short of dismissal without prejudice will not be effective in curing the discovery delays and the harm to Defendant in managing an open-ended case. By contrast, dismissal without prejudice still allows Plaintiff access to the court. And this outcome is particularly suited to Plaintiff's situation because it will allow her to tend to her health issues such

that when she resumes the litigation, she will be able to fully participate. Accordingly, the Court finds this fifth factor weighs in favor of dismissal without prejudice.

Based on these considerations, the Court agrees with Judge O'Hara's conclusion that dismissal without prejudice to re-filing within one year is appropriate in this case.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's objection to Judge O'Hara's Report and Recommendation (Docs. 175, 176) is OVERRULED. The Court ADOPTS Judge O'Hara's Report and Recommendation (Doc. 174) in its entirety. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE to re-filing WITHIN ONE YEAR of the date of this order. When Plaintiff re-files, her case will recommence where it leaves off as a result of this order. Plaintiff shall identify this case as a related case, which will allow the matter to be assigned to the undersigned and Magistrate Judge James P. O'Hara.

THE COURT FURTHER ORDERS that Plaintiff's motion for leave to file (Doc. 176) is GRANTED. The Court considers the document filed and considered its contents in resolving the instant objection.

IT IS SO ORDERED.

Dated: March 23, 2020  /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE